## FOGG vs. CHILD & FITZHUGH.

Where a summons is issued by a justice of the peace, against several defendants, a valid service upon one, and a proper return of the service, by the constable, is sufficient to authorize the justice to proceed and render judgment in form against all the defendants.

The requirements of the statute are complied with by a return showing proper service upon one defendant, without negative additions explaining how the summons was served, or why it was not served, upon the others.

Admissions or declarations of agents are only to be received in evidence as being part of the *res gestæ*. Unless they are part of the *res gestæ* they are not admissible as evidence, any more than those of total strangers.

Declarations or admissions, to partake of this character, must be made during the negotiation, or the progress of the business of the agency, and within the scope and bounds of the authority of the agent, and be of such a nature as to give character to the acts. Otherwise they are mere hearsay.

Accordingly *held* that the admissions of the defendants' clerk, made two months after the occurrence testified to, and after the liability of the defendants, if any, was fixed, were inadmissible to charge his principals.

THIS was an appeal from a judgment of the Monroe county court. The action was commenced before a justice of the peace. It was brought against the defendants, as common carriers, to recover the value of a quantity of garden seeds delivered to them by the plaintiff, to be carried from Rochester to Brockville, Canada West, and which they failed to deliver. The action was commenced by a summons issued on the 13th and returnable on the 19th of June, 1850, which was returned " Personally served on Robert F. Child, June 13, 1850 ;" nothing being said as to the other defendant, Fitzhugh.

On the return day of the summons, the cause was duly called

Fogg *v.* Child.

by the justice, and George F. Danforth appeared as the attorney for the plaintiff, and John C. Chumasero appeared as the attorney for the defendants. The plaintiff complained against the defendants as follows, viz.: That the defendants were jointly engaged on or about the 1st day of June, 1850, as common carriers on Lake Ontario, doing business on the lake, under the name and style of the " Ontario and St. Lawrence Steamboat Company." That on that day the plaintiff delivered to them, as such carriers, one barrel, containing a large quantity of garden seeds, the property of the plaintiff, to the value of $50; that the defendants agreed with the plaintiff, in consideration of a reasonable reward, to them to be paid by said plaintiff, to transport and carry said barrel to Brockville, in the province of Upper Canada, and there to deliver the same to Allen Turner. That the defendants had not delivered or carried said barrel as they agreed, by reason whereof the same had been wholly lost to the plaintiff, and he had sustained damage thereby to the amount of $50. The defendants thereupon, after the filing of said complaint by their counsel, objected, that the return of the constable being silent as to Fitzhugh, the justice could not proceed, and render judgment against both defendants, as joint debtors, &c.; that the plaintiff could not proceed against the defendants jointly; the summons being served only on Child; that it did not appear from the cause of action mentioned in the complaint, that the defendants were joint debtors within the rule authorizing joint judgments against several defendants, when all are not served with process. They therefore asked the court to dismiss the complaint. This motion the justice refused to grant. The counsel for the defendants then said he would no longer appear for the defendant Fitzhugh, but only for Child; and then demurred to the complaint for the same reason, and the plaintiff joined in demurrer. After argument, the demurrer was overruled by the court. The defendant then answered the complaint, denying it generally and specifically; and further denying that any such property mentioned in the complaint was ever delivered by the plaintiff to the defendants, as stated in said complaint; or that any such agreement as set forth in the complaint was

ever made between the plaintiff and defendants ; and alledging that the defendants, and each of them, were at the time of the commencement of this suit, and the service of the process, and still were non-residents of the county of Monroe, but were residents of the county of Oswego, and that from the manner in which this suit had been commenced, namely, by long summons, the court had no jurisdiction of the cause. The plaintiff then proved by a witness who was in his employ, that in April previous to the trial he put up and packed in a half barrel a package of garden seeds directed to " Allen Turner, Brockville, Canada West ;" and that the half barrel was delivered to Mr. Hubbard, a carrier. The plaintiff then proved by Isaac Smith, that he received a half barrel of seeds at the landing on the 12th day of April, 1850, from William Hubbard ; that they were unloaded from the wagon in the warehouse ; they were taken out on the dock by the witness and his brother, and put on board the steamer Niagara ; that the witness spoke to the mate about it, and he called his men and they put the half barrel on board the boat. It was marked " A. Turner, Brockville, C. W." The steamer Niagara was then lying at the wharf ; there was also a card on the half-barrel, marked "From James P. Fogg, Front-st. Rochester." The witness was then asked if he ever had a conversation with the clerk of the boat in reference to this half-barrel ; and if so, what it was. This was objected to by the defendants' counsel, on the ground that the declarations of the clerk of the boat were not evidence. The witness being asked, said that neither of the defendants were present. The objection was overruled by the court, and the evidence admitted, and the decision excepted to by the defendants' counsel. The witness then testified that he had a conversation with the clerk some time in the fore part of June, 1850. It was in the clerk's office on board the Niagara. The plaintiff came down to the warehouse, to inquire about the half-barrel of seeds ; and the witness went with him on board the boat, and spoke to the clerk, and asked if he knew any thing about it. He looked at his freight book, and found the entry of the same half-barrel on it, and said, when he got to Brockville, he looked around and could not find it ; and

Fogg *v.* Child.

consequently he had it not on board, and could not land it. That it was the business of the clerk to attend to the freight department of the boat. That the boat was owned by the Ontario and St. Lawrence Steamboat Company ; that Capt. R. F. Child was one of the company ; that Henry Fitzhugh was also one of the company ; and the company carried freight for pay. The plaintiff here rested his cause ; whereupon the defendants moved the court that the plaintiff be nonsuited, for the following reasons : 1. That the plaintiff had made out no cause of action. 2. That the defendant Fitzhugh, not having been served with process, no joint judgment could be entered against the defendants ; consequently the action as brought was not sustained. 3. That the action should have been brought in the name of Allen Turner, the consignee, and not the plaintiff. 4. That there was no proof of the delivery of the property to the defendants. 5. That there was no legal evidence that the property was lost. That excluding the illegal testimony, in reference to the conversation with the clerk, there was no proof of loss. That the presumption of law was that it was safely delivered. The motion for a nonsuit was denied by the court, to which decision the defendants' counsel excepted.

The justice rendered a judgment for the plaintiff for $45,17, the value of the seeds, besides costs. On appeal, the county court reversed that judgment, and the plaintiff appealed to this court.

*Geo. F. Danforth,* for the appellant.

*Farrar & Chumasero,* for the respondents.

*By the Court,* JOHNSON, J. The revised statutes (2 *R. S.* 228, § 17,) require the constable serving a summons to return thereon in writing the time and manner in which he executed the same. There is nothing in the statute requiring negative additions in the return in cases where the summons is against several, and they cannot be necessary to give the justice jurisdiction to proceed in the case, where the return shows a good

---

Fogg *v.* Child.

---

service upon one. (*Cowen's Tr.* 2*d* ed. 504.) It would certainly be convenient and useful to the justice to be informed negatively, as well as affirmatively, how the summons has been executed, in order that no mistake might be made in issuing the execution, where the judgment is against several in form. But it is not indispensable. A valid service upon one, where the suit is against several, and a proper return of the service, is sufficient to authorize the justice to proceed and render judgment in form against all. The return showing proper service upon one, shows how the process has been executed, and the requirements of the statute are complied with, without the officer's explaining in the return how or why it was not served upon the others. The case of *McDoel* v. *Cook,* (2 *Comst.* 110,) relied upon by the defendants' counsel, is not a parallel case. That was a suit commenced by attachment, and the return of the constable showed that he had attached the property of both defendants, but was entirely silent as to any service upon one of them. The statute in such cases requires the officer in his return to state specifically whether the copy of the attachment and inventory was or was not served personally upon the defendant. If there has been no personal service, a summons is to be issued and returned before further proceedings can be had. In that case the return was held to be defective, and the judgment irregular, because the statute expressly required a more full and explicit return before the justice could properly determine whether he must issue a summons or proceed and render judgment. The objection to the return, therefore, was not well taken before the justice. Had the objection been good, the appearance of the party to make it could not be adjudged a waiver. This is well settled. Indeed it is difficult to see how any question could ever have been made in regard to it.

But the admission of the declarations of the clerk of the boat, as evidence, was, I think, clearly erroneous. He should have been called as a witness. Admissions or declarations of agents are only to be received in evidence as part of the *res gestæ.* Unless they are part of the *res gestæ,* they are not admissible as evidence, any more than those of total strangers. Whatever

apparent confusion or contradiction may be found in the cases upon this subject—and it must be conceded they are by no means free from it—it must be obvious that the principle upon which such declarations are admitted is that they are verbal acts, part and parcel of the transaction itself. (1 *Gr. on Ev.* § 113. *Cowen & Hill's Notes*, 180, 1.) Declarations or admissions, to partake of this character, must be made during the negotiation or the progress of the business of the agency, and within the scope and bounds of the authority of the agent, and be of such a nature as to give character to the acts; otherwise they are mere hearsay. Here the property was put on board the boat at the landing near Rochester, on the 12th of April, to be delivered at Brockville, C. W. during that trip. The conversation with the clerk proved was some two months afterwards. It was not even proved that the person acting as clerk at the time of the conversation in June, was such in April, when the goods were shipped, except what may be inferred from the declarations of the clerk as proved. But conceding that he was the same person, it cannot be pretended that his declarations in June afterwards that he was unable to find the goods, on the arrival of the boat at Brockville some two months previous, were any part of the *res gestæ*. It was a mere admission that the goods were not delivered and could not be found, made long after the bailment was at an end, and the liability, if there was any, for the loss, had accrued.

The judgment of the county court must therefore be affirmed.

Judgment affirmed.

[CAYUGA GENERAL TERM, June 7, 1852. *Selden, T. R. Strong* and *Johnson*, Justices.]