MICHAEL DORNE *vs.* SOUTHWORK MANUFACTURING COMPANY.

The declarations of an agent are not competent to charge his principal, unless a part of the *res gestæ;* that is, unless they relate to the identical contract in controversy.

ASSUMPSIT for work and labor performed for the defendants, in their paper mills. At the trial, in the court of common pleas, before *Byington,* J. the plaintiff offered the deposition of James H. Walbridge, another laborer in the same mills, as follows: " Mr. Perry, the superintendent of the mills, having charge of the hiring of hands, and running the mill, came to me and asked me if I would run one of the machines. I asked him what he intended to pay on the machines. He said he would pay seven and a half dollars per week on the east one, and six and a half on the west one per week. He said the difference was because the east machine would have to run more hours, and work dirtier paper, it would be more work to keep it clean." Subsequently, the plaintiff was employed upon the east machine, to recover for which this suit was brought. The defendants objected to the admission of the declarations of said Perry to the witness, but the presiding judge admitted it, and the verdict being for the plaintiff, the defendants excepted to the ruling.

*G. Ashmun,* for the defendants.
*E. W. Bond,* for the plaintiff.

DEWEY, J. ·The declarations of an agent are competent as evidence to charge the principal, only when they are a part of the *res gestæ*. By this we understand that such declarations are evidence only where they relate to the identical contract that is the matter in controversy. A declaration to another party in reference to another contract, and made at a prior time, does not fall within the rule admitting such evidence. Hence, what was said by the agent to Walbridge in a conversation with him as to the price he would pay for running these machines, is, as to this case, no part of the *res gestæ*, and not admissible. The party is not excused in such case from proving the fact in the ordinary way by the testimony of the agent, if it be one pertinent to the issue. As cases strongly bearing upon this point, see *Betham* v. *Benson*, Gow's Rep. 45; *Fogg* v. *Child*, 13 Barb. 246.

*New trial ordered*