HEZEKIAH S. BOWEN, RESPONDENT, *v.* THE NATIONAL BANK OF NEWPORT, APPELLANT.

*Parol evidence, as to contents of written instrument — when admissible — Declarations of agent as to past transaction — not admissible.*

In this action, brought to recover a balance of moneys alleged to have been deposited by the plaintiff with the defendant, a bank, the dispute was whether a draft deposited on June 27, 1873, was for $400 or $225. Upon the trial plaintiff, having testified that he delivered the draft to the teller on that day, was allowed to testify as to its amount. The defendant objected, on the ground that parol evidence of the contents of the draft was inadmissible, no foundation having been laid for such evidence. *Held*, that the evidence was properly

admitted; that the amount of the deposit, and not the draft, was the subject of the controversy, and that upon the former question parol evidence was admissible.

Where the writing is collateral to the question in issue, it need not be produced.

Plaintiff was allowed to testify as to certain statements made to him by the cashier of the defendant several months after the deposit was made. *Held*, that the declarations were inadmissible, in so far as they related to a past transaction.

APPEAL from a judgment entered on a verdict, rendered in favor of the plaintiff at the Herkimer Circuit in November, 1875.

The action was brought to recover the sum of $180.42 alleged to, be due to the plaintff as the residue of moneys deposited by him with the defendant. The defendant is a banking corporation organized under the national bank act of congress. It appeared at the trial that the plaintiff had deposited money with the defendant at various times, and that on the 27th June, 1873, he deposited a check or draft drawn by a United States paymaster, which the plaintiff alleged was for the sum of $400. The defendant admitted that the plaintiff made a deposit on that day, but claimed that it was for only $225. The question as to the amount of that deposit was the only issue litigated.

*A. M. Mills*, for the appellant

*J. A. & A. B. Steele*, for the respondent.

SMITH, J. :

The printed case states that after the verdict was rendered, the defendant's counsel moved at the same Circuit for a new trial on the minutes, which was denied, and the defendant's counsel excepted. It does not appear that an appeal was taken from the order denying the motion, nor that an order was entered. The exception is of no avail, as an exception can only be taken to a ruling made during the progress of the trial. The case is before us, then, upon the appeal from the judgment, and is to be treated as if no motion had been made for a new trial, and consequently, the only questions for review are those presented by the exceptions appearing in the case to have been taken at the trial.

It is insisted by the appellant's counsel that the court erred in allowing the plaintiff to give parol evidence of the amount and contents of the draft in question. The case was evidently tried upon the idea that parol evidence of the contents of the draft was not admissible without first having laid a foundation for it. In that view of the question the ruling was erroneous. The plaintiff had testified that he handed the draft to the teller of the bank, and left it with him, telling him to give the plaintiff credit for it. Notice had been served on the defendant before the trial to produce certain other, papers and books, but no notice was given to produce the draft in question, except a verbal notice given at the trial, at the moment when the plaintiff offered to give parol evidence of its contents. The defendant's counsel stated that the draft was not in their possession. If the paper was a draft, as asserted by the plaintiff (and it subsequently appeared that it was a draft on the assistant United States Treasurer in New York,) it would not, in the ordinary course of business, be in the hands of the defendant. There was no evidence that it had been in their possession since the time when it was delivered to them by the plaintiff, which was obviously a delivery for collection. If notice was requisite, the notice given at the trial was not a reasonable notice, and was insufficient. (*Gorham* v. *Gale,* 7 Cow., 739; *Insurance Co.* v. *Cadwell,* 3 Wend., 296; *McPherson* v. *Rathbone,* 7 Wend., 216.) But no notice was necessary. The draft was not the foundation of the action. It was collateral merely. The amount of the deposit was the only subject of controversy, and upon that point parol evidence was admissible. When the writing is collateral to the question in issue, it need not be produced. (1 Gr. Ev., § 89, and cases cited in note 7.)

Again, if there was error in the admission of the parol testimony, it was subsequently cured by proof of the entries in the defendant's books, which warranted the jury in finding that the draft in question was for $400.

It is also contended, on the part of the appellant, that the court erred in allowing the plaintiff, when testifying in his own behalf, to give evidence of the conversation between him and Getman, the former cashier of the defendant, then deceased. The testimony was objected to, on the ground that the cashier was not living, and also on the ground that his declarations made subsequent to the

transactions in question were not admissible. The first objection seems to have been based upon the idea that the testimony was excluded by section 399 of the Code, and is untenable. The second is more substantial. The declarations received in evidence were made in an interview between the plaintiff and the cashier, which took place on the 20th March, 1874, several months after the deposit was made. It occurred in the bank, and Wooster, the book-keeper, was present. The plaintiff inquired how his account stood, and, on being told, insisted there was a mistake, and thereupon, according to the testimony of the plaintiff, Getman made certain declarations, which were detailed by the witness, respecting what occurred at the time of the deposit, what the books showed as to the amount of the deposit, whether there was a mistake in the books on that point, his supposition as to how it occurred, and his statement that the draft had been paid. The declarations of the agent, so far as they related to past transactions, were inadmissible. Only such declarations and admissions of an agent as are made at the time of the transaction, and are part of the *res gestæ*, can be given in evidence against the principal. (1 Gr. Ev., § 113; *Thallhimer* v. *Brinckerhoff*, 4 Wend., 394; *Fogg* v. *Child*, 13 Barb., 246.) The fact that the defendant is a corporation, and that Getman was one of its officers, does not take the case out of the rule. (*Baptist Church* v. *Brooklyn Fire Ins. Co.*, 28 N. Y., 153; *Luby* v. *Hudson River R. R. Co.*, 17 id., 131; *First Nat. Bank* v. *Ocean Nat. Bank*, 60 id., 278.) The testimony undoubtedly had its weight with the jury, and its admission was error.

Judgment reversed and new trial granted, with costs to abide event.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment reversed and new trial ordered, costs to abide event.