HERMES, Administrator, Appellant, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*November 19 — December 15, 1891.*

*Railroads: Negligence: Killing of child at crossing: Evidence.*

1. In an action against a railway company for the killing of a child by a train at a highway crossing, what the engineer said about the accident a few minutes after it happened was admissible in evidence as part of the *res gestæ;* and it was error to exclude a question as to whether a witness heard the engineer say anything at that time as to how he came to run over the child, although it was not stated for what purpose the question was asked, and did not appear how material the answer would have been.

2. A question as to how far a child sitting or lying on the crossing could be seen on the day of the accident, was properly excluded, that being a question for the jury to decide in view of all the circumstances.

APPEAL from the Circuit Court for *Brown* County.

Action to recover damages for the killing of plaintiff's intestate, a child about two years and eight months old. The child was run over at a highway crossing by a work

train on the defendant's railroad.    At the close of the trial
the court directed a verdict for the defendant, and from
the judgment entered thereon the plaintiff appeals.

For the appellant there was a brief by *Wigman & Martin*, and oral argument by *P. H. Martin*.    They argued,
among other things, that the question as to how far a child
could have been seen on the day of the accident was proper,
to show that the child could have been discovered by the
use of ordinary care.  *Frick v. St. L., K. C. & N. R. Co.* 75
Mo. 595.    To the point that statements of the engineer
made at the time and place of the accident, as to how he
came to run upon the child, were part of the *res gestæ*, they
cited, besides cases cited in the opinion, *Courtney v. Baker*,
34 N. Y. Super. Ct. 529; *Haynes v. Rutter*, 24 Pick. 242;
*Mabley v. Kittleberger*, 37 Mich. 362; *Armil v. C., B. & Q.
R. Co.* 70 Iowa, 130; *Cleveland v. Newsom*, 45 Mich. 63.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *F. C.
Winkler*.    They contended, *inter alia*, that the exclusion
of the question, " Did you hear the engineer say anything
as to how he came to run over the child?" could not be
held error.    The record discloses no purpose for which the
question was asked, no explanation or offer of what was
proposed to be proved, and no further question.  *Savage
v. Drake*, 8 Wis. 272; *Dreher v. Fitchburg*, 22 id. 675;
*Birdsey v. Butterfield*, 34 id. 52; *Schmidt v. Pfeil*, 24 id.
452; *Beard v. Dedolph*, 29 id. 136, 143–4; *Wilson v. Noonan*,
35 id. 321, 357–8; *First Baptist Church v. Brooklyn F. Ins.
Co.* 23 How. Pr. 448; *Millett v. Hayford*, 1 Wis. 401; *Sewell v. Eaton*, 6 id. 490; *Fenelon v. Hogoboom*, 31 id. 172;
*Thomas v. Wiesmann*, 44 id. 339.

COLE, C. J.    It was error to sustain the objection to the
question asked the witness Hubert Hermes as to whether
he heard the engineer say anything as to how he came to

run over the child. This conversation between the witness and the engineer was within a very few minutes after the child was killed, and there can be no doubt that what the engineer said about the accident was a part of the *res gestæ*, and was admissible on that ground. "The idea of the *res gestæ* presupposes a main fact or principal transaction, and the *res gestæ* mean the circumstances, facts, and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character." *Carter v. Buchannon*, 3 Ga. 513; 1 Greenl. Ev. §§ 109 *et seq.; Hooker v. C., M. & St. P. R. Co.* 76 Wis. 547; *Keyser v. C. & G. T. R. Co.* 66 Mich. 390; *O'Connor v. C., M. & St. P. R. Co.* 27 Minn. 166; *Insurance Co. v. Mosley*, 8 Wall. 397; *Hanover R. Co. v. Coyle*, 55 Pa. St. 396. There is nothing in this case which can distinguish it from that of *Hooker v. C., M. & St. P. R. Co. supra.* There testimony of a witness as to what the engineer said about the accident was admitted on the trial, under objection, and this court held it was not error. As we have said, the conversation between the witness and the engineer occurred immediately after the accident. The declaration of the engineer had or might have had a tendency to explain how it happened. It surely grew out of that transaction, and served to illustrate its character.

But it is said the record does not disclose the purpose for which the question was asked, nor show that the answer to the question would have been material. If it was a part of the *res gestæ*, as we think it was, the plaintiff was entitled to have it before the jury for what it was worth. The surrounding circumstances, constituting parts of the *res gestæ*, may always be shown to the jury, along with the principal fact. 1 Greenl. Ev. § 108. It is impossible to say that it did not have a direct and close relation to the main fact being investigated,— as to how the child happened to be killed. Of course we do not know how material or im-

portant the declarations of the engineer might have been, whether he admitted he should have seen the child in time to stop the train, and was careless in not doing so, or what in fact he said to the witness about how he came to run over the child. It is sufficient to say the question was a proper one, and should have been answered. There must be a new trial because this evidence was excluded.

We see no error in excluding other testimony. The question asked the plaintiff, as to how far a child sitting or lying on the crossing could be seen that day, was properly ruled out. That was for the jury to decide in view of all the circumstances, the condition of the track, the state of the weather, and all other facts bearing on that issue. It is, however, claimed that there was no evidence of negligence on the part of the employees of the defendant to carry the case to the jury. It is not proper for us at this time to express an opinion as to the weight of the testimony on that point, further than to say we think the case should have been submitted with all competent testimony. It is not entirely clear that the child could not or should not have been seen sitting on the track, if the engineer and fireman had been vigilant and careful in looking ahead for objects, in time to avoid the accident. It was a clear, bright day, and there was nothing to prevent one from seeing an object at a considerable distance if he had been on a sharp lookout for it.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.