| 92 | 649 |
| 117 | ¹602 |

CHRISTIANSON, Administrator, Respondent, vs. THE PIONEER FURNITURE COMPANY, Appellant.

*March 12 — March 27, 1896.*

*Master and servant: Death caused by defective machinery: Declarations of deceased: Res gestæ: Contributory negligence: Instructions.*

1. Declarations of a person fatally injured as to how the accident happened, made to a fellow-servant a very few minutes after it occurred and practically on the scene thereof, were a part of the *res gestæ*.

2. In an action for the death of a person, alleged to have been caused by defects in the machine at which he was working in defendant's service, an instruction that negligence of the deceased, if

the direct cause of the injury, would defeat a recovery *if he knew of the defects in the machine,* was erroneous. [Whether such error would work a reversal where a correct instruction on the subject was given elsewhere in the charge, not determined.]

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

This is an action to recover damages for the death of the plaintiff's intestate, which is alleged to have been caused by the defendant's negligence. The intestate, Peter Christianson, was eighteen years and two months old at the time of his death, and was employed in the defendant's furniture factory at Eau Claire, and had been so employed for a little more than two years. On the 31st day of August, 1891, he was employed in feeding a certain circular ripsaw in the defendant's factory. A boy fourteen years of age was assisting him, whose duty it was to take away the strip ripped from behind the saw. The pieces of wood being ripped consisted of strips of hardwood one inch in thickness, about three feet in length, and three inches in width, from which a strip of about one eighth of an inch on one side was being ripped. The intestate stood at the south end of the saw table, and pushed the sticks through, and his assistant pulled them through on the other side. As one stick was going through, after it had been sawed into about five or six inches, it was suddenly thrown back with great force, and struck the intestate in the abdomen. He at once threw off the belt of the machine, went to the water pail and got a drink, then went to the closet just outside, and then went home, and died on the second day thereafter from the effects of his injury. The testimony tended to show that the intestate had been employed principally in operating molding machines or stickers, but there was testimony that he had at times helped to operate ripsaws. On the afternoon in question he was set to work on the ripsaw by the foreman of the factory.

It was claimed by the plaintiff that the defendant was

negligent in not furnishing a safe appliance for the intestate to work upon in that (1) the saw was dull; (2) the saw table worn and uneven; (3) that there was no spreader or (4) guard upon the saw. On the part of the defendant it was denied that there was negligence in any of these particulars, and it was claimed that the intestate was guilty of contributory negligence in not attending to his work, but that he was watching some boys at play in the shop at the time, and did not hold the stick down as it was passing through the saw.

The trial resulted in a verdict and judgment for the plaintiff, and the defendant appealed.

For the appellant there was a brief by *V. W. James,* attorney, and *Fruit & Brindley,* of counsel, and oral argument by *Mr. James* and *Mr. J. J. Fruit.* They argued, among other things, that the conversation between the deceased and the witness Jackson should have been received as a part of the *res gestæ. Insurance Co. v. Mosley,* 8 Wall. 397; *Comm. v. McPike,* 3 Cush. 181; 1 Taylor, Ev. (7th ed.), § 588; *Hermes v. C. & N. W. R. Co.* 80 Wis. 590; *Brownell v. Pac. R. Co.* 47 Mo. 239; *Reed v. Madison,* 85 Wis. 667; *Mo. Pac. R. Co. v. Baier,* 37 Neb. 235; *Keyser v. C. & G. T. R. Co.* 66 Mich. 390; *State v. Horan,* 32 Minn. 394. The declarations of the deceased were also admissible as being against the interest of the party who made them. *Stern v. Railroad Co.* 7 Leg. Gaz. 223; 1 Greenl. Ev. §§ 153, 180, 247; *Hurlburt v. Hurlburt,* 128 N. Y. 420.

For the respondent there was a brief by *T. F. Frawley* and *A. C. Larson,* attorneys, and *C. T. Bundy* and *Winter, Esch & Winter,* of counsel, and oral argument by *Mr. Bundy.* They contended, *inter alia,* that the evidence of the witness Jackson was not admissible as a part of the *res gestæ. Graves v. People,* 18 Colo. 170; *Richmond & D. R. Co. v. Hammond,* 93 Ala. 181; *Texas & N. O. R. Co. v. Crowder,* 70 Tex. 222; *Martin v. N. Y., N. H. & H. R. Co.* 103 N. Y.

Christianson vs. The Pioneer Furniture Co.

626; *Waldele v. N. Y. C. & H. R. R. Co.* 95 id. 274; *Mo. Pac. R. Co. v. Baier*, 37 Neb. 235, and cases cited; *Chicago W. D. R. Co. v. Becker*, 128 Ill. 545; *Sorenson v. Dundas*, 42 Wis. 642; *Mack v. State*, 48 id. 280; *Mutcha v. Pierce*, 49 id. 231; *Fitzgerald v. Weston*, 52 id. 356; *Hermes v. C. & N. W. R. Co.* 80 id. 590. The declarations of the deceased were not admissible as an admission against interest. *Atkinson v. Bond Hill*, 1 Ohio, N. P. 166; *Cleveland, C., C. & St. L. R. Co. v. Sloan*, 11 Ind. App. 401; *Citizens' St. R. Co. v. Stoddard*, 10 id. 278; *Louisville, E. & St. L. R. Co. v. Barry*, 2 id. 427; Lawson, Rights, Rem. & Pr. § 1108; *Johnson v. O. S. L. R. Co.* 23 Oreg. 94; *Richards v. Moore*, 62 Vt. 217; *Bradford v. Downs*, 126 Pa. St. 622; *Gray v. McLaughlin*, 26 Iowa, 280; *Sanford v. Sanford*, 5 Lans. 486; *Wooten v. Wilkins*, 39 Ga. 223; *Pennsylvania Co. v. Long*, 94 Ind. 250; *Ohio & M. R. Co. v. Hammersley*, 28 id. 371; *Louisville & N. R. Co. v. Pearson*, 97 Ala. 211; *Leahey v. C. A. & F. G. R. Co.* 97 Mo. 165; *Steinhofel v. C., M. & St. P. R. Co.* 92 Wis. 123; *Mutcha v. Pierce*, 49 id. 231; *Fitzgerald v. Weston*, 52 id. 356.

WINSLOW, J. We were strongly urged to reverse this judgment on the ground that a verdict for the defendant should have been directed either on the ground that no negligence was shown on the part of the defendant, or on the ground that contributory negligence was conclusively shown; but we decline to do so. There was, in our judgment, sufficient evidence to carry the case to the jury on both of these propositions.

This judgment must, however, be reversed on account of the rejection of competent evidence offered by the defendant. The facts were these: One Jackson was offered as a witness for defendant. He was an employee of the defendant at the time of the accident, and worked at a tenoning machine in the same room with the deceased, and about

fifty feet from the ripsaw in question.  It had appeared by
the testimony of the boy who helped the deceased that, as
soon as the board struck the deceased, he threw the belt
from the machine, said that struck him pretty hard, walked
at an ordinary gait to the water pail, about fifty feet dis-
tant, took a drink, and then walked out of the outside door,
and entered a closet, about eight or ten feet distant from
the door and adjoining the shop building.  Jackson testified
that he saw the deceased go out of the door; that a boy
came in right after deceased went out, and came past Jack-
son, and he asked the boy what was the matter, and the boy
said, "Pete is hurt."  Thereupon Jackson went right out
to the closet, and found the deceased sitting, resting his face
on his hands, pale, and apparently in pain.  Jackson further
testified that he at once had a conversation with him as to
how the accident happened, and that the deceased stated in
substance how it occurred.  When asked to state the con-
versation, an objection to the testimony was sustained by
the court.  We think this ruling was erroneous.  The con-
versation sought to be elicited was held with the main actor
in the accident, a very few minutes after the fatal stroke,
practically on the scene of the accident, and is so clearly
and closely connected with the main fact as to impress the
mind with the idea that it sprang spontaneously from it
without design or premeditation.  Within the decisions of
this court in the cases of *Hooker v. C., M. & St. P. R. Co.*
76 Wis. 542; *Hermes v. C. & N. W. R. Co.* 80 Wis. 590, and
*Reed v. Madison,* 85 Wis. 667,— this verbal act was a part
of the *res gestæ.*

Upon the subject of contributory negligence the court
gave the following instruction to the jury: "If you find
from the evidence that he was negligent and careless, and
that his negligence and carelessness was the direct cause of
the injury that occurred, then, even though this machinery
was defective, the plaintiff is not entitled to recover, *if he
knew of the defects.*"  This instruction is certainly errone-

ous. Under it the negligence of the deceased would only defeat a recovery *in case the deceased knew of the defects in the machine.* This is not the law. Although a correct instruction on the subject was given elsewhere in the charge, still, as there must be a new trial, we notice this error, so that it may not be repeated upon the second trial, without determining whether or not it would be sufficient of itself to call for reversal of the judgment.

*By the Court.*— Judgment reversed, and action remanded for a new trial.

As to the nearness of declarations to the main transaction necessary to make them a part of the *res gestæ*, see note to *Ohio & M. R. Co. v. Stein* (133 Ind. 243), in 19 L. R. A. 733.— REP.