Tiborsky v. C., M. & St. P. R. Co. 124.Wis. 243.

TIBORSKY, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL
RAILWAY COMPANY, Respondent.

*January 31—February 21, 1905.*

*Railroads: Negligence: Presumption from accident: Truck left on
. sidewalk: Court and jury: Evidence:* Res gestæ.

1. Negligence of the railway company is not to be presumed; under
   the rule of *res ipsa loquitur,* from the mere fact that one walk-
   ing at night on the sidewalk adjacent to a station platform was
   injured by falling over a truck belonging to the company, which
   had been left on the walk.
2. Upon the evidence in such a case—tending to show, among other
   things, that the truck was customarily used by the company's
   employees at and near the place of the accident, and not show-
   ing that any one else had had anything to do with it—it is *held*
   that the question of the company's negligence was one for the
   jury.
3. The fact that, in such case, the injured person went, immediately
   after the accident, into the depot and told the telegraph oper-
   ator what had happened, did not make the reply of such oper-
   ator admissible in evidence as part of the *res gestæ.*

APPEAL from a judgment of the circuit court for Washing-
ton county: JAMES J. DICK, Circuit Judge. *Reversed.*

This is an action to recover damages for personal injuries
sustained by the plaintiff by reason of having stumbled over
a truck belonging to the defendant, and alleged to have been
negligently and wrongfully left upon the public sidewalk in
front of the defendant's depot platform on the evening of
December 23, 1902.

The answer admits the allegations of the complaint to the
effect that at the times therein mentioned the plaintiff was a
resident of the city of Hartford, in this state, and conducting
a shoe store therein; that the defendant corporation owned
and operated a railroad running through that city during all
of such times; that the principal business street in that city
extends from the north to the south, and is known as Main
street, with sidewalks constructed and maintained on each

side thereof by the city for the accommodation of the public traveling on foot; that the defendant's railroad tracks run east and west across that street at right angles with it; that the defendant's passenger station is located on its right of way immediately south of said railroad tracks and west of said Main street; that the depot platform used in connection with said depot and said tracks also extends from said depot east and up to the sidewalk on the west side of Main street; and that the agents and employees of the defendant in the discharge of their usual and required duties were accustomed to use trucks with which to carry baggage, express matter, and other material over and upon said platform and sidewalk.

The answer specifically denied the other allegations of the complaint to the effect that December 23, 1902, the defendant's agents and servants unlawfully, wrongfully, negligently, and carelessly obstructed said public sidewalk at the east end of said platform by wrongfully, negligently, and carelessly placing upon and leaving thereon one of said trucks so being used and belonging to the defendant, and thus obstructing the sidewalk and imperiling the safety of travelers thereon at the time in question; that about 8 o'clock on that evening the plaintiff, while passing along upon that sidewalk on the west side of Main street and at the east end of said railway passenger station and platform, in the exercise of due care, was suddenly tripped by said truck, and fell over the same with great force, and was badly injured; that the night was dark and foggy and there were no lights at or near where the truck was so located at the time; that by reason of such injury the plaintiff had suffered great and permanent damage, for which he demands judgment.

The issues so joined were tried by the court and the jury, and at the close of the testimony on the part of the plaintiff the court granted a nonsuit, and from the judgment entered thereon in favor of the defendant the plaintiff appeals.

For the appellant there was a brief by *J. C. Russell* and *S. S. Barney,* and oral argument by *John M. Barney.*

For the respondent the cause was submitted on a brief by *H. H. Field* and *C. H. Van Alstine.*

CASSODAY, C. J.   In addition to the facts alleged in the complaint and expressly admitted in the answer, as indicated in the foregoing statement, there is evidence tending to prove that the platform on the east side of the depot extended to the sidewalk on the west side of the street; that such sidewalk was about five feet wide, and came up flush with the depot platform, and was of the same width and a continuation of the street sidewalk immediately north and south of it.  Passengers were in the habit of taking their baggage up to that sidewalk and shoving it onto the platform, where it would be received by the baggageman.   The regular train reached the depot that evening on schedule time, 6 :30 p. m., and departed at 6 :38 p. m.   The truck in question was about four and one half feet long, two feet wide, and from eight to ten inches high when lying flat on the sidewalk.   At the lower part there was a rim of steel or iron that projected out, about half an inch thick and six inches wide on the slant, with a blunt edge to shove under the trunk, and was as long as the truck was wide.   It had two legs of iron or steel.   When the truck was lying down, the rim with the blunt edge naturally projected forward, and would be about sixteen inches from the ground. The truck belonged to the defendant, and was used to wheel trunks from where they were unloaded off the cars to the dray wagon, and in doing so would pass over the sidewalk in question.   The baggageman left the depot that evening just after the train left.   It was his duty to handle the baggage, and he received sixteen pieces of baggage on the day in question, but he did not know anything about the amount of baggage in the baggage room that evening.

The plaintiff was over forty years of age at the time of the

accident. Between 7 and 8 o'clock on the evening in question he started alone from his store to go up to the Catholic school-house to attend church. It was so dark that he could not see anything on the walk in front of him, and it was windy. When he came by the depot, he fell over the truck standing on the Main street sidewalk, at the end of the depot platform. At first he did not know what it was that he had fallen over. It hit him in the leg—in the shins. It was about thirty feet from the depot door. He got up and went into the depot, and there found O'Neil, the night telegraph operator, and told him what had happened. They went out together, and found the truck on the sidewalk. O'Neil testified that he took the truck and put it in the baggage room, and that he did not know whether the door of that room was locked or unlocked; that it was not supposed to be unlocked. The evidence mentioned was admitted without objection.

1. Error is assigned because the court took the case from the jury and granted a nonsuit. In support of such contention counsel cite a class of cases where the mere proof of the accident was held to create a presumption of negligence. *Cummings v. National F. Co.* 60 Wis. 603, 18 N. W. 742, 20 N. W. 665; *Carroll v. C., B. & N. R. Co.* 99 Wis. 399, 403, 75 N. W. 176. But such rule has its qualifications, as has repeatedly been pointed out by this court. *Spille v. Wis. B. & I. Co.* 105 Wis. 340, 349, 81 N. W. 397; *Musbach v. Wis. C. Co.* 108 Wis. 57, 67, 84 N. W. 36; *Beyersdorf v. Cream City S. & D. Co.* 109 Wis. 456, 463, 84 N. W. 860. It is enough to say here, as to that question, that the rule mentioned is not applicable to the case at bar.

But it does not follow that the case was properly taken from the jury. Of course, the burden of proving actionable negligence was on the plaintiff. It is true, moreover, that the facts in this case are undisputed. It has often been said that—

"Negligence, in one sense, is a quality attaching to acts dependent upon and arising out of the duties and relations of

the parties concerned, and is as much a fact to be found by the jury as the alleged acts to which it attaches by virtue of such duties and relations." *Townley v. C., M. & St. P. R. Co.* 53 Wis. 633, 11 N. W. 55; *Kaples v. Orth,* 61 Wis. 533, 21 N. W. 633; *Hart v. W. S. R. Co.* 86 Wis. 489, 490, 57 N. W. 91.

It is not a conclusion to be testified to by witnesses, but an inference to be deduced from the facts and circumstances disclosed by the evidence. When the standard of duty is a shifting one, it is generally a question for the jury. Id.. It is only when the facts and circumstances are not ambiguous, and there is no room for two honest and apparently reasonable conclusions, that the court is justified in taking the question from the jury.

"When such facts and circumstances, though undisputed, are ambiguous and of such a nature that reasonable men, unaffected by bias or prejudice, may disagree as to the inference or conclusion to be drawn from them, ther the case should be submitted to the jury." *Kaples v. Orth,* 61 Wis. 533, 21 N. W. 634.

Here the truck was the property of the defendant. It was customarily used by the defendant's employees at and near the place where it was found at the time of the accident. That place was a public sidewalk upon which people on foot were liable to pass at night or day, and had the legal right to pass. It was a dark night. In the absence of knowledge to the contrary, the plaintiff had the right to assume that the sidewalk was a safe place upon which to walk. The presence of such a truck upon the walk might render it unsafe for travelers on foot under the circumstances disclosed in the evidence. Counsel for the defendant say there was no testimony as to who left the truck upon the sidewalk that evening. There is some evidence tending to prove that the truck was customarily used by the defendant's agents and employees at and near the place of the accident, and there is no evidence tending to prove that any one not in the employ of the defendant

had anything to do with the truck. In that respect it differs from *Stimson v. M., L. S. & W. R. Co.* 75 Wis. 381, 383, 44 N. W. 748. After careful consideration we are constrained to hold that the evidence was sufficient to take the case to the jury.

2. After the accident the plaintiff went into the depot, and told the night telegraph operator what had happened, as stated above. Error is assigned because the court excluded the reply of the night telegraph operator. It is claimed that such statements were admissible as a part of the *res gestæ,* and counsel cite in support of such contention, among other cases, *Hooker v. C., M. & St. P. R. Co.* 76 Wis. 542, 547, 44 N. W. 1085; *Hermes v. C. & N. W. R. Co.* 80 Wis. 590, 592, 50 N. W. 584; *Christianson v. Pioneer F. Co.* 92 Wis. 649, 653, 66 N. W. 699; *Bliss v. State,* 117 Wis. 596, 94 N. W. 325; *Hupfer v. National D. Co.* 119 Wis. 417, 96 N. W. 809. As stated by way of quotation from a standard text-writer in one of these cases:

"The idea of the *res gestæ* presupposes a main fact or principal transaction, and the *res gestæ* mean the circumstances, facts, and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character." *Hermes v. C. & N. W. R. Co.* 80 Wis. 592, 50 N. W. 585.

The declarations held to be admissible as a part of the *res gestæ* in these cases were in some way connected with the main fact or transaction under consideration, and served to illustrate its character. 1 Greenl. Ev. (15th ed.) § 108. There is no dispute in the case at bar as to the plaintiff's injury, nor as to the manner in which it occurred. The main fact here in controversy is as to whether the truck was left upon the sidewalk by the negligence of the defendant. There is no evidence tending to prove that the night telegraph operator was an actor or participant in that transaction, much less that his declarations sought to be proved were a part of the *res gestæ.* There is no pretense that such declarations

were admissible merely because the night telegraph operator was in the employ of the defendant. No such claim could be maintained. 1 Greenl. Ev. (15th ed.) §§ 113, 114; *Sidney S. F. Co. v. Warsaw*, 122 Pa. St. 494, 500, 15 Atl. 881; *Dorne v. Southwork Mfg. Co.* 11 Cush. 205; *Fogg v. Child*, 13 Barb. 246. We must hold that there was no error in excluding such declarations.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.