(Decided 20th June, 1879.)

---

PATRICK MURRAY *vs.* JOHN McSHANE and HENRY McSHANE.

*Liability for a Special injury occasioned by a public Nuisance—Right of a Traveller on a street.*

A person lawfully passing along a street, who stops on the door sill of a house fronting on the street, for the purpose of adjusting his shoe, and while thus occupied, his head being within the lines of the street, without any negligence on his part is injured by a brick falling on his head, in consequence of the dilapidated condition of the wall of the house, has a right of action against the owner of the house for the injury inflicted.

Travellers on a street, have not only the right to pass, but to stop and rest on necessary and reasonable occasions, so that they do not obstruct the street, or doorways, or wantonly injure them.

A ruined or dilapidated wall is as much a nuisance, if it imperils the safety of passengers or travellers on a public highway, as a ditch, or a pit-fall dug by its side.

APPEAL from the Court of Common Pleas.

This action was brought by the appellant against the appellees, and at the conclusion of a jury trial, the *narr.* was amended to appear as follows:

For that the said defendants, at the time of happening of the grievance hereinafter complained of, and for a long time previously thereto, were possessed of certain fixed property, situate in the City of Baltimore aforesaid, to wit: a messuage fronting on a public street in the said city, generally known as "Hillen street," therein; and being so possessed thereof, they suffered and permitted the front wall thereof, bordering on and adjoining the said street, to become and be greatly dilapidated and out of repair, so that the same became and was a source of peril to all persons lawfully passing upon and using the said street, for a long time before the date aforesaid. as well as then; and afterwards, to wit, on the 18th day of March, A. D. 1878, the plaintiff was greatly injured and hurt, by reason of the falling of a brick out of the said wall and upon his head, *he being then and there temporarily,* and for a necessary purpose of bodily convenience seated within the doorway of the said house, and upon the sill of said door, the said sill constituting a step leading into said house from the aforesaid public highway, with his head projecting beyond the line of the wall of the aforesaid house, in the position which might and could have been occupied by that of a passer-by, and upon the said street, lawfully using the same for purposes of travel, and not having remained in the said posture an unreasonable time, nor in anywise molested or interfered with the inhabitants of the said house, nor been directed or warned to depart therefrom. Whereby, to wit: by reason of the falling of the said brick upon his head, the plaintiff has been permanently injured, and rendered unfit to earn his livelihood by labor, and has been put to great expense in and about endeavoring to be cured of his said injuries, and was for a

long space of time hindered and prevented from attending to his lawful affairs, and suffered great pain of body and anxiety of mind. And the said plaintiff expressly avers, that his said injury was caused solely by the dilapidated and ruinous state of the wall aforesaid, so as aforesaid allowed and permitted by the said defendants, improperly and contrary to their duty in the premises, and by reason of no other matter or thing whatsoever, and especially by reason of no fault or negligence on his, the said plaintiff's part, thereunto contributing; and the plaintiff claims $10,000.

The *narr.* as originally drawn contained in lieu of the averment, beginning "he being then and there temporarily," the statement, "he being then and there lawfully in front of the wall aforesaid." The proof on the part of the plaintiff showed that he had seated himself upon the sill of the door leading into the defendants' house on Hillen street (there being no projecting steps) for the purpose of adjusting his shoe, and almost immediately after assuming this posture, and while leaning forward, with his head projecting beyond the front line of the wall, he was struck by the brick which inflicted the injury. The defendants' counsel, all the evidence for both sides being in, claimed that a variance was caused by the word "lawfully," applied to a person whom they charged to be technically a trespasser. The Court was inclined to sustain this position, and the plaintiff amended his *narr* so as to contain a full statement of the facts developed by his evidence upon this point.

To the amended *narr.* the defendants demurred. The Court sustained the demurrer and judgment was entered for the defendants. The plaintiff appealed.

The cause was argued before BARTOL, C. J., BOWIE, MILLER and ALVEY, J.

*W. Hall Harris* and *Charles J. Bonaparte,* for the appellant.

The only question presented by this record is whether a sufferer from a nuisance adjoining a public highway, negligently or designedly continued there by the defendants, is debarred from recovering for his injury, by the naked fact that at the time of the accident a part of his person was upon their premises. It is submitted that a negative answer must be given upon every principle of law, reason and humanity.

A trespasser may be ejected forcibly from the premises upon which he intrudes, or sued for his entry, but the ground-owner is not *legibus solutus* with regard to him. On the contrary, for any *illegal act* from which he suffers, (even for any *excess* of violence beyond what is *strictly necessary* for his removal,) the trespasser can recover as fully as though he were innocent. *Johnson vs. Patterson,* 14 *Conn.,* 1; *Bird vs. Holbrook,* 4 *Bing.,* 628; *Barnes vs. Ward,* 9 *C. B.,* 392; *Loomis vs. Terry,* 17 *Wend.,* 496; *Brown vs. Lynn,* 31 *Penn. St.,* 510; *Daley vs. Norwich & Worcester R. R. Co.,* 26 *Conn.,* 591; *Birge vs. Gardiner,* 19 *Conn.,* 507; *B. & O. R. R. vs. Mulligan,* 45 *Md.,* 486; *Corby vs. Hill,* 93 *Eng. Com. L.,* 568, and cases cited in note; *Rail R. Co. vs. Stout,* 17 *Wallace,* 660, 661; *Beck vs. Carter,* 68 *N. Y.,* 289, 292, 293; *Norris vs. Litchfield,* 35 *N. H.,* 277, 278; *Townsend vs. Wathen,* 9 *East,* 277.

Unquestionably this nuisance was continued by the defendants "improperly and contrary to their duty," and their continuance of it was an illegal act. *Barnes vs. Ward,* 9 *Com. B.,* 420, 421; *Wharton on Neg.,* sec. 346.

And since the plaintiff has been greatly damaged in consequence of this illegal act, and "by reason of no other matter or thing whatsover," his right to recover for this injury would seem to be clear even if the *narr.* showed him to have been a trespasser. *Owings vs. Jones,* 9 *Md.,* 108; *B. & O. R. R. vs. Mulligan,* 45 *Md.,* 486; *B. & O. R. R. vs. Boteler,* 38 *Md.,* 568.

But he was not a trespasser, even technically. It would surely be monstrous to hold that one using the public highway in front of a wall which has been suffered to become a man-trap, would be disentitled to recover for an injury occasioned by this grave breach of legal duty, because he happened to have his hand or foot, or an end of his garment within the building line of the defendants; and this plaintiff's case is, upon the demurrer's admissions, to the full as meritorious as any of those supposed.

The demurrer was sustained by the Court below mainly on the authority of the *dicta* in *Maenner vs. Carroll, et al.,* (the *decision* was conceded to be distinguishable,) on *p.* 213 of 46 *Md.,* where this Court says : " * * * * Any individual who complains of the manner in which a defendant may have used his own land, should show with certainty and precision both the right of the plaintiff, and the duty of the defendant, and in what manner such right and duty have been violated." And again, " * * * * * having no right to be on the lot * * * * * the injury which the plaintiff suffered * * * * * must be attributed exclusively to his own fault." Neither the letter nor the spirit of this language applies to the present case. The *duty* of the defendant, the violation of which is complained of, was the duty to " take care that " their " fixed property " should be " so used and managed that other persons shall not be injured." (30 *Md.,* 205.) The *right* of the plaintiff, was the right of exemption from dangers arising from the neglect of this duty. The plaintiff's injury in this case cannot possibly " be attributed exclusively to his own fault," when the *narr.* avers and the demurrer admits that it " was caused * * * * * especially by reason of no fault * * * * * on his * * * part." But without dwelling upon these verbal criticisms, it is submitted that the language of *Maenner vs. Carroll, et al.,* is to be construed with reference to the facts of that case, and cannot be invoked to sustain a doctrine at variance not only with the previous

decisions of this Court, *Irwin vs. Sprigg,* 6 *Gill,* 200; *B. & O. R. R. Co. vs. Mulligan,* 45 *Md.,* 568; but with the overwhelming weight of judicial authority upon the subject. The judgment of the Court below should be reversed and the cause remanded, that the defendants may plead over to the amended *narr.*

*Arthur Geo. Brown* and *John Carson,* for the appellees.

The declaration fails to state a sufficient cause of action. It shows that the appellant was injured while he *was trespassing* on the property of the appellees. He was not a traveller, passing along Hillen street, but an intruder, who had seated himself uninvited "within the door-way of the said house, and upon the sill of said door, the said sill constituting a step leading into said house from the aforesaid public highway."

As this Court remarked, in *Maenner vs. Carroll, et al.,* 46 *Md.,* 212, "To constitute a good cause of action, in a case of this nature, there should be stated *a right* on the part of the plaintiff, *a duty* on the part of the defendants in respect to that right, *and a breach* of that duty by the defendants, whereby the plaintiff has suffered injury. Here there is nothing of the sort shown."

After alleging that the wall of the appellees' house "was a source of peril to all persons lawfully passing upon and using the said street," which allegation is that of a public nuisance, giving of itself no private right, the declaration proceeds to show that the appellant was not passing or otherwise lawfully using the public street, but was injured when he was not upon the street at all, but while he was sitting on the door sill, *i. e.,* upon and within the wall of the appellees' house.

There is no statement of a right, nor of a duty in respect of that right, nor of a breach of that duty. "There is no positive right alleged; and without such right the action cannot be maintained." *Maenner vs. Carroll, et al.,*

46 *Md.*, 217; *Gantret vs. Egerton*, 2 *Com. Pl.*, (*L. R.*,) 371; *Sullivan vs. Waters*, 14 *Irish Com. Law*, 460.

The declaration is fatally defective in form and substance, and the demurrer was properly sustained.

In addition to the decision of this Court in *Maenner vs. Carroll, et al.*, which was regarded by the Court below and by the appellees as decisive of this case, and upon which appellees now confidently rely, they refer to the following authorities, which show that for such an injury as is complained of in the declaration, there is no liability to a trespasser, or to a person present by mere sufferance. *Pittsburg, F. W. and Chicago R. R. vs. Bingham*, 29 *Ohio State*, 364–5, 367–8–9, 373; *Gillis vs. Penn. R. R.*, 59 *Penn. State*, 129, 141, 143; *Nicholson vs. Erie Rwy. Co.*, 41 *N. Y.*, 525, 532, 533, 538, 539; *Cooley on Torts*, 660–1; *Wharton on Negligence*, (1st *Ed.*,) *sec.* 351; *Sweeny vs. Old C. R. R. Co.*, 10 *Allen*, 372; *Pierce vs. Whitcomb*, 48 *Vermont*, 131; *Bush vs. Brainard*, 1 *Cowen*, 78.

It was argued below that although the appellant was technically a trespasser, as regards that part of his person which was within and upon the wall of the house, yet that he was seated "with his head projecting beyond the line of the wall of the aforesaid house, in the position which might and could have been occupied by that of a passer by and upon the said street, lawfully using the same for purposes of travel," and that therefore the appellant, as regards his head—considered apart from the rest of his body—was entitled to all the privileges and immunities "of a passer by, and upon the said street, lawfully using the same for the purposes of travel."

The appellant was not in a "semi-detached" condition. It is admitted that at the time of the injury, he was sitting, uninvited, within the limits of the appellees' house, and was therefore, to that extent a trespasser. He was not in fact, and could not be considered in law, at one and the same moment of time, a traveller on the

highway, as regards his head, and a trespasser as regards the rest of his person. He was not a traveller at all.

But even if the appellant had not been sitting where he was, but had been injured by a falling brick while he was wholly upon the sidewalk in front of the appellees' house, under the circumstances set forth in the declaration, he could not have recovered. *Reg. vs. Pratt,* 4 *E. & B.,* 860, (82 *E. C. L.*); *Norristown vs. Moyer,* 67 *Penn. State,* 355, 356, 359, 360, 361, 367; *Adams vs. Rivers,* 11 *Barb.,* 390–397; *Blodgett vs. Boston,* 8 *Allen,* 237; *Stickney vs. Salem,* 3 *Allen,* 374; *State vs. Buckner, Phil. N. C. Law,* 558; *State vs. Widenhouse,* 71 *N. C.,* 279; *Stinson vs. Gardner,* 42 *Maine,* 308; *Orcutt vs. Kittery,* 53 *Maine,* 504.

For the concealed defect of which the appellant complains, viz., a loose brick in a wall, the appellees would not have been liable even if he had been a visitor or invited guest at the house on Hillen street, instead of being, as in fact and law he was, a trespasser. *Southcote vs. Stanley,* 1 *H. & N.,* 247; *Hounsell vs. Smyth,* 7 *C. B.,* (*N. S.,*) 731; *Bolch vs. Smith,* 7 *H. & N.,* 736; *Wilkinson vs. Fairrie,* 1 *H. & C.,* 633; *Wharton on Neg.,* (*2nd Ed.,*) sec. 350.

BOWIE, J., delivered the opinion of the Court.

The question raised by the demurrer in this case is, whether the owner of a house fronting on a public street, is bound to keep it in such a state of repair, that persons passing by, and lawfully using the property and street shall be protected from harm?

The averments of the *narr.* admitted by the demurrer are substantially as follows:

The defendants being the owners of a house fronting on a public street in Baltimore, suffered the walls to become dilapidated, and the plaintiff passing the said house sat on the sill of the door temporarily for a necessary purpose, his head being projected into the street, when a brick fell from the wall of the defendants' house, and struck the

head of the plaintiff, without the wrong or negligence of the plaintiff, thereby inflicting the injury complained of.

The defendants contend that the plaintiff was a trespasser, and being such, contributed to his own hurt, and cannot recover for the consequences of his own wrong.

The appellant insists that the defendants by their demurrer admit their possession of certain fixed property, and that they suffered and permitted the front wall thereof, bordering on and adjoining the said street, to become and be greatly dilapidated and out of repair, so that the same became and was a source of peril to all persons lawfully passing upon and using the street, which constituted a nuisance, for which the defendants would be liable to those suffering special damages therefrom.

The principles upon which the appellant's theory is based, are distinctly announced after a very elaborate review of the authorities by this Court, in the case of *Deford vs. The State, use of Keyser,* 30 *Md.,* 205, in the course of which it is said, "in all cases where a party is in possession of fixed property, he must take care that it is so used and managed, that other persons shall not be injured."

In the case of *Irwin vs. Sprigg,* which was an action for an injury resulting from the non-enclosure of an area, around a basement window of a house of the defendant, this Court held it was an act of wrongful negligence, not to protect it from persons passing through such public street, and rendered the owner liable for accidents resulting therefrom, 6 *Gill,* 200, citing *Copeland vs. Hardingham,* 3 *Campbell's Repts.,* 398, in which Lord ELLENBOROUGH said, "however long the premises might have been in that situation, as soon as the defendant took possession of them he was bound to guard against the danger to the public, and was liable for the consequences as if he had originated the nuisance."

The appellees contend, that the appellant's *narr.* fails to show a sufficient cause of action, that he was not a traveller passing along the street, but an intruder, who seated himself uninvited, within the door of the house, the sill being a step leading into said house from the public highway.

They rely with emphasis, upon a remark of the Judge delivering the opinion of this Court, in the late case of *Maenner vs. Carroll, et al.,* 46 *Md.,* 212: "To constitute a good cause of action, in a case of this nature, there should be stated a *right* on the part of the plaintiff, *a duty* on the part of the defendants in respect to that right, and a breach of that duty by the defendants, whereby the plaintiff has suffered injury," and insist that there is no statement of a right, nor of a duty in respect of that right, nor a breach of that duty.

The proposition relied on by the appellees is a concise deduction from the adjudged cases, and a conclusion from first principles; there cannot be a wrong, without a right. But the question is, whether the facts set out in the appellant's *narr.* do not show a case of right violated, and of duty neglected, and of injury resulting from that neglect of duty?

The obligation of the common and civil law, "*sic utere tuo ut non alienum lædas,*" as recognized by the cases before cited, imposed upon the defendants the duty of keeping their premises in such repair, that persons lawfully using the street and premises, should do so without injury. Travellers on a street, have not only the right to pass, but to stop and rest on necessary and reasonable occasions, so that they do not obstruct the street or doorways or wantonly injure them.

A ruined or dilapidated wall is as much a nuisance, if it imperils the safety of passengers or travellers on a public highway, as a ditch or a pit-fall dug by its side. It is immaterial whether the injury results from falling debris, or descending into an open area.

A special injury, from a public nuisance, is a conceded ground of action to the party hurt. "Two things," says Lord ELLENBOROUGH "must concur to support this action, an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff." *Butterfield vs. Forrester*, 11 *East*, 60.

If, however the injury be such as could not have been avoided by the exercise of ordinary care, or was wantonly caused by the defendant, it would seem that the plaintiff, though negligent, is entitled to recover. *Bridge vs. The G. J. R. Co.*, 3 *M. & W.*, 244; *Angell on Highways*, 347, and authorities in note 3.

Highways, are but easements over the land, leaving the fee in the owner of the adjacent soil, subject to the public servitudes. The person in whom the fee of the road is, may maintain trespass, or ejectment, or waste for the invasion of his rights. Yet, the traveller has corresponding privileges in the adjacent soil. A passenger on a public highway, may go "*extra viam*" if it be impassable. *Douglas R.*, 745; 3 *Stephens' N. P., Title, Way*, 2768; 2 *Black. Com., note* 26 *by Christian.*

The principle of this rule must extend to all other cases of necessity, which may overtake a traveller or passenger in a public thoroughfare, whether they arise from the state of the road; from persons, vehicles or property driven or carried over it, or from the personal wants of the passenger. He cannot stop in the highway, for that would impede others, and expose himself and them to danger.

Self-preservation, as well as public convenience, must justify, or make lawful, a temporary use of a fence, wall, or door-sill, binding on the highway, in cases of accident, or sudden sickness, or personal infirmity, not delaying longer than absolute necessity requires.

This appears negatively, from what was said by WILLARD, J., in the case of *Adams vs. Rivers*, 11 *Barbour*,

390, cited in *Angell on Highways*. Trespass was brought by the adjoining owner, against a person who came upon the sidewalk, and there remained abusing him and refusing to depart. The learned Judge said, "the defendant committed a trespass while standing on the sidewalk by the plaintiff's lot, where he lived, and using towards him abusive language. While so engaged, he was not using the highway for the purpose for which it was designed, but was a trespasser. He stood there but about five minutes. It was not shown that he stopped on the sidewalk for a justifiable cause; on the contrary, it was rendered probable, that it was for a base and wicked purpose. It was, therefore, a trespass."

The "*locus in quo*" in that case, was the sidewalk, itself a part of the highway, but the right of action arose from its being used for an unlawful purpose. The alleged "*locus in quo*," in this case, is partly in the highway, and partly on the property of the adjoining owner, the head of the plaintiff, which was injured, being within the lines of the highway, as alleged, and the body resting for a lawful purpose on the door-sill. He was not a trespasser "*quoad hoc;*" if he had remained in that position longer than necessary against the owner's will, he might have become so.

We think the amended *narr.* set out a good cause of action, and, that the demurrer thereto should have been overruled.

*Judgment reversed, and*
*new trial ordered.*

(Decided 20th June, 1879.)