CONSOLIDATED NAVAL STORES COMPANY, A CORPORATION, *Plaintiff in Error,* v. J. S. McNEILL, *Defendant in Error.*

1. In an action to recover for services rendered from August to December it is not error upon the question of the application of payments to admit evidence that there was a continuing service beginning in April.

2. On an issue as to whether a contract for the sale of lands was made and possession was taken and labor was done on the lands for the purchasers in pursuance of the contract, testimony as to what the alleged purchaser said he believed he could do in paying for the lands may be stricken as being irrelevant.

3. Where the action is not on a letter it is not error to admit the letter tending to show employment, though not a joint one, if otherwise relevant, on the ground that it is addressed to two persons and only one of them brings the action.

4. Where there is evidence to sustain the verdict and no error appears, the judgment will not be reversed on writ of error.

This case was decided by Division A.

Writ of error to the Circuit Court for Holmes County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter* for plaintiff in error.

*J. W. Kehoe* and *H. L. Grace* for defendant in error.

WHITFIELD, C. J.—The defendant in error brought an action against the Naval Stores Company for services "from the 6th day of August, A. D., 1908, until the 28th day of December, A. D., 1908, at $45.00 per month, making the sum total of $214.00." Damages in $500.00 were claimed. There were pleas of payment, of set off and of never was indebted as to a part of the amount claimed. Judgment for the plaintiff was rendered for $216.00 and costs, and the defendant took writ of error.

At the trial the plaintiff was permitted over the objection of the defendant to testify as to his employment by the defendant beginning April 6th, and as the claim is for services from August to December, the defendant contends that the admission of this testimony is error. The plaintiff sought to prove that his employment began April 6th and continued till December 28th, and that he had been paid for only four months of that time. It was not error to permit the beginning of the employment to be shown. The defendant claimed that it began August 28, and had been fully paid for. It was permissible for the plaintiff to show his version of the employment, the conflict being for the jury to determine.

The defense was that the plaintiff with another had agreed to buy from the defendant the turpentine producing property on which the plaintiff worked during the first

part of the period he claimed to have worked for the plaintiff and that from April 6th to August 28, the plaintiff was working for himself and not for the defendant.

On cross examination, the plaintiff testified that he "made no contract of purchase of this place with the defendant. Nothing more than that we made with Mr. J. B. McNeill, who represented the defendant. That arrangement was, I told him I believe I could pay for the place within two years if spirits would stay up to what they were then." Plaintiff then asked the witness "Did spirits stay up to forty-five cents?" Answer "No sir." On motion of the plaintiff, the court struck the testimony as to the arrangement between the plaintiff and J. B. McNeill representing the defendant, and error is assigned thereon. As this testimony in effect was what the plaintiff told J. B. McNeill what he believed he could do, it was irrelevant and no error was committed in striking it out.

This testimony did not tend to prove the contract of sale asserted by the defendant, and besides the plaintiff gave testimony that a price was agreed on but no contract to purchase was consummated, therefore, even if striking the testimony referred to were error, it could not reasonably have injured the defendant.

A letter from the defendant addressed to "Mess. J. S. McNeill and T. M. Mabin" dated April 8th, 1908, was put in evidence over the defendant's objection that "that the contract or obligation founded on that letter would be a joint obligation," the other person T. M. Mabin not being a plaintiff here.

This action is not brought on the letter, and as the letter says "you will continue to operate the place for us," it supports the plaintiff's claim and is not inconsistent with separate employment of or arrangements with both McNeill and Mabin by the defendant.

There is evidence that the plaintiff worked for the defendant from April 6th to December 28th, and that the salary for four months that was paid was applied to the first part of the service, and there is no conclusive testimony that the payment made was specifically for the time claimed in the declaration.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.