## Michael Goldblatt, Appellee, v. J. C. Brocklebank, Appellant.

## Gen. No. 16,000.

1. NEGLIGENCE—*when, in driving automobile established.* Held, under the evidence in this case, that the driving of the automobile in question in this case, was negligent and that the owner thereof was liable for a resulting injury.

2. CONTRIBUTORY NEGLIGENCE—*how question of exercise of determined.* Cases involving the conduct of persons about to cross a railroad track are to be distinguished from cases where a person is injured by being struck by an automobile while attempting to cross a public highway.

3. INSTRUCTIONS—*when as to question of negligence properly refused.* An instruction which limits the necessity for the exercise of ordinary care upon the part of one charged with negligence to the precise time when the plaintiff was struck and injured, is properly refused.

4. INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of a correct instruction will not reverse if its contents are substantially contained in another instruction given.

5. EVIDENCE—*when opinion properly excluded.* An objection is properly sustained to a question which calls for an opinion by one not shown to be an expert with reference to the possibility of stopping an automobile after the person injured was observed by the chauffeur.

6. EVIDENCE—*when inquiry as to highest attainable speed not improper.* *Held,* that such an inquiry was not improper where the charge of negligence was predicated upon the excessive speed at which an automobile was driven.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed December 13, 1911. *Certiorari* denied by Supreme Court (making opinion final).

DEFREES, BUCKINGHAM, RITTER & CAMPBELL, for appellant; H. A. FISCHER, JR., of counsel.

EDWARD MAHER and JAMES L. BYNUM, for appellee; GUERIN, GALLAGHER & BARRETT, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant in the Superior Court for $2,500, as damages for personal injuries alleged to have been occasioned by the negligence of a servant of appellant in driving an automobile. The declaration alleges that the automobile was recklessly and carelessly driven; that it was driven at a dangerous and unlawful speed; and that the servant of appellant failed to blow a horn or sound a signal.

In the forenoon of November 16, 1907, appellee went from his shop on the west side of Rush street, about forty feet south of Walton place, to a saloon on the south-east corner of said streets, for the purpose of cashing a check for a customer. In returning from the saloon he proceeded hurriedly from the corner of said streets, diagonally in a southwesterly direction across Rush street, and had reached a point about the center of the street, when he was struck by or collided with appellant's automobile, then being driven north on that street. The street at that point was thirty feet in width from curb to curb. At the time in question, a large garbage wagon, equipped with a high box, was

standing on Rush street, about five feet west of the east curb and about fifteen feet south of Walton place; and a wagon was going south on Rush street, a little west of the center. The automobile was being driven by appellant's chauffeur, and appellant's daughter, aged about fourteen years, was seated on one of the rear seats. It is uncontroverted that, as the automobile approached the intersection of the streets, the chauffeur did not blow the horn or give any warning signal. The testimony of some of appellant's witnesses tends to show that the muffler "cut out" on the machine was making considerable noise, but the testimony of appellee's witnesses tends to show that the automobile was running noiselessly, and we think the jury were not unwarranted in so finding. There is a like contrariety in the evidence as to the rate of speed at which the automobile was being driven. Appellant's witnesses testified that the rate of speed was from ten to fifteen miles an hour, while the witnesses for appellee testified that the rate of speed was from twenty-five to thirty miles an hour. Appellant's chauffeur testified that, as he approached the corner of the streets, he noticed the garbage wagon, and also a man with a light wagon coming along the street, and that he slowed up some; and that the moment he saw appellee come from behind the garbage wagon he shut off the power and put on the brakes. A preponderance of the evidence tends to show that, notwithstanding the efforts of the chauffeur, as testified to by him, to stop the car, it did not come to a stop until it had run a distance of from seventy to seventy-five feet beyond the point where appellee was injured. We are fully persuaded that, upon the question of the speed of the car, the weight of the evidence favors the contention of appellee. We have no hesitancy in holding that the negligence alleged in the declaration was established by the evidence. Automobiles have not the right of way upon public thoroughfares.

As bearing upon the question of appellee's due care for his own safety, he testified that, as he approached the street after leaving the saloon, he looked up and down the street and did not see the automobile until it struck him. Gibbons, a witness called for appellee, testified that the latter was looking north when he was struck, and it is not inconsistent with the situation, as it existed, to assume that appellee was looking at the wagon which was coming from the north at the time.

Appellant insists that the statement of appellee that he looked south, as he was about to cross the street, and yet did not see the car until it struck him, is unworthy of belief, because, if he looked, he necessarily must have seen the car approaching. This insistence might prevail, if the garbage wagon had not obstructed appellee's view to the south, as it undoubtedly did. Whether or not appellee was chargeable with such contributory negligence as precluded a recovery, because he failed to look uninterruptedly to the south, was a question of fact for the jury, and we are not disposed to hold that a finding against appellant on that question was not justified. If appellee had neglected to look to the north, he would have failed to exercise due care for his safety. He could not well look in opposite directions at the same instant. Furthermore, the fact that the automobile approached the crossing noiselessly and at an excessive rate of speed were proper elements to be considered in determining whether or not appellee was in the exercise of due care for his own safety.

Cases involving the conduct of persons about to cross a railroad track at grade are to be distinguished from the case at bar. A railroad track is a place of known danger. A railroad train cannot turn aside, but is limited in its operation within the bounds of the track, and has of necessity, when properly operated, a paramount right upon such track.

The instruction tendered by appellant and refused by the court was not improperly refused. It substantially limits the necessity for the exercise of ordinary care on the part of appellant's chauffeur to the precise time when appellee was struck and injured. The rule of law sought to be invoked by the instruction was sufficiently covered by other instructions given at the instance of appellant.

Appellant's daughter was not shown to be an expert, and the objection interposed to the question, calling for her opinion with reference to the possibility of stopping the automobile after the chauffeur observed appellee, and before the latter was injured, was properly sustained. The fact thus sought to be adduced was not controlling.

It is urged that appellee was improperly permitted to ask appellant's chauffeur, on cross examination, the highest speed he could make on the machine. The inquiry was not wholly foreign to the issue involved, and was properly permitted.

We have considered the other objections urged to the rulings of the court in admitting and excluding certain evidence, but find nothing therein deserving discussion.

The record is free from prejudicial error and the judgment is affirmed.

*Judgment affirmed.*