————o————

No. 6148.

FRANK OLAGUES vs. PELICAN ICE COMPANY.

Syllabus.

1. Since the fact of employment is one peculiarly within the knowledge of the employer, evidence that a person was in

charge of property of another, apparently performing the usual duties of a servant or employee, furnishes *prima facie* proof in favor of a third person and against the alleged employer that he stood in such relation.

2. In the absence of evidence to the contrary, negligence may be inferred from the happening of the act causing the injury, where the act is one which in the ordinary course of things would not have resulted in injury if due care had been exercised in its performance.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 104,868. Hon. E. K. Skinner, Judge.

W. A. Dixon, for plaintiff and appellee.

Edward Rightor and E. J. McGivney, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The defendant appeals from a judgment condemning it to pay damages to the plaintiff in the sum of $500.00.

Plaintiff, a carpenter and contractor, was in the store of one Franck, on the morning of the accident, for the purpose of, and engaged in, making a purchase. The driver of defendant's ice wagon, and a helper, entered the store in order to deliver ice for the day. The driver was preparing the ice box for the reception of the ice, and the helper, a colored boy, followed with two cakes of ice, each weighing 50 pounds, carried without tongs or other contrivance upon his left shoulder. As he passed plaintiff, the helper, for some reason, not explained, lost control of the ice, and one of the cakes slipped from his shoulder and fell on plaintiff's foot, causing the latter great pain and inflicting an injury which not only dis-

— 333 —

abled him from following his trade for six or seven weeks, but likewise necessitated his using a stick in walking, for an additional period of five or six weeks. He still suffers when obliged to carry anything. Plaintiff's earning capacity was somewhat over $4.00 a day and he incurred a doctor's expense of $30.00 on acount of the injury.

The exception of vagueness was properly overruled, for the allegations of the petition, with reference to the acts of defendant complained of as constituting negligence, accord precisely with the foregoing facts which are presently relied upon as establishing such negligence.

Nor is there any merit in the contention that the evidence fails to show with sufficient certainty that the helper was an employee of defendant. The fact of employment is a matter peculiarly within the knowledge of the employer; and under such circumstances, the evidence that the negro helper was in charge of defendant's property, apparently performing the usual duties of a servant or employee, furnishes **prima facie** proof in favor of a third person, such as plaintiff, that he stood in such relation.

> **Lampkins vs. Railroad, 42 An., 997; Jackson vs. Railroad, 52 An., 1706, 1718.**

> "If the **prima facie** case thus made out was not the real case, it was for defendants to show it. The knowledge of their relation is in their possession and not in the possession of plaintiff."
> **Bastrop Bank vs. Levy, 106 La., 586.**

We are likewise of the opinion that the act of the negro boy in carrying on his shoulder, without the aid of tongs or other contrivance, and into a store, two cakes of ice weighing fifty pounds each, was in itself negligence, in the absence of any evidence to the contrary. If carried

in a proper quantity and in a proper manner, the ice would not have fallen, and in default of other explanation, the circumstance of its falling is necessarily attributable either to the excessive weight carried or to improper handling.

Under these circumstances negligence may be inferred from the happening of the act causing the injury, since the act is one which in the ordinary course of things would not have resulted in injury if due care had been exercised in its performance.

The principle has been applied in a well-reasoned case in Wisconsin, wherein facts identical to those here presented were involved.

Kaples vs. Orth, 61 Wis., 531, 21 N. W.; 633.

As to the amount of damages allowed, we are of opinion that the assessment thereof as made by the trial Court is justified by the facts concerning the injuries and loss which plaintiff sustained.

The judgment is accordingly affirmed.

Affirmed.

Opinion and decree, June 15th, 1914.

Rehearing refused, June 30th, 1914.