ALEXIS PILLET, *Plaintiff in Error,* v. J. D. ERSHICK, *Defendant in Error.*

Division A.

Opinion filed March 8, 1930.

Petition for rehearing denied March 25, 1930.

*Watson & Saussy,* for Plaintiff in Error;

*James Booth,* for Defendant in Error.

ELLIS, J.—J. D. Ershick on February 27, 1926, at about eight-thirty o'clock in the morning was walking on the east

side of Third Street at the intersection of that street and Central Avenue in the City of St. Petersburg. As he was crossing the Avenue he observed two automobiles on the north side of Central Avenue which were going west on the Avenue but had stopped at the Third Street line waiting for the traffic signal light before proceeding on their way. As Ershick came to the center of the Avenue one of the automobiles, farthest away from the street line, turned out as if to pass the machine in front. Ershick, thinking that the driver of the automobile, whose name was Collins, intended to proceed on his way westward, stepped back and was struck by the defendant's automobile, which was traveling eastward on Central Avenue, and sustained serious injuries as a result of the impact upon him of the defendant's machine.

Ershick brought an action in the Circuit Court for Pinellas County against Alexis Pillet, the owner of the automobile which caused the injury, and recovered a judgment in the sum of seven thousand five hundred dollars. To that judgment the defendant, Pillet, took a writ of error.

The action rests upon the alleged negligence of the defendant in the operation of his automobile at the time and place where the accident occurred. A demurrer to the amended declaration was over-ruled. The assignment of error based on that ruling will be discussed later. There was included in a motion, which is referred to as a "motion in arrest of judgment and a motion for a judgment notwithstanding the verdict," a paragraph challenging the correctness of the court's order in overruling the demurrer.

In briefing the case counsel for plaintiff in error groups the assignments of error. In the fifth group, which includes the sixteenth, eighteenth and nineteenth assignments,

the point is referred to but not discussed. In that grouping of the assignments it is asserted without argument that the court should have granted the motion in arrest of judgment, should not have entered the final judgment but should have entered a judgment notwithstanding the verdict in favor of the defendant. The last proposition rests upon the assertion that according to the evidence as developed in the plaintiff's case his injuries were attributable either to his own neglect or that of some person other than the defendant.

None of the assignments in that grouping are of any value in our view because the declaration not wholly failing to state a cause of action is not amenable to attack by a motion in arrest of judgment.

Because of the doctrine of aider, waiver and amendments a judgment will not be arrested for a defect that may have been fatal on demurrer. On a motion in arrest of judgment the intendments favor the pleader instead of being taken against him as on a demurrer, so if the material facts be fairly inferable from the facts stated judgment will not be arrested. 2 Stand. Ency. Proc. 1013 and numerous authorities cited. See also Huling v. Florida Savings Bank, 19 Fla. 695, which discusses the doctrine that the absence of a similiter to a plea or replication is not ground for an arrest of judgment. The doctrine is followed that where the parties go to trial it is presumed that they understood that those material facts necessary to support the cause were involved which a more accurate allegation of them in the declaration would have made clearer.

A judgment in favor of the defendant notwithstanding the verdict would have been improper not only because there was evidence to support the plaintiff's declaration but because a judgment of that kind is applicable, if at

all in this State, where a plea setting up a meritorious defense has been fully sustained and not met by the plaintiff, or where the declaration fails to state a cause of action but a verdict is nevertheless found in favor of the plaintiff. 14 Stand. Ency. Proc. 959, 33 Corpus Juris 1181.

The common law rule that a motion for such judgment cannot be interposed by a defendant obtains in many jurisdictions and has not been abolished by statute nor relaxed by decisions of this Court except in so far as Section 4615, Comp. Gen. Laws 1927, as construed by this Court, may be considered an abandonment or relaxation of the rule.

The defendant pleaded the general issue and two other pleas of which the third was in effect a plea of the general issue because it was merely a denial of the wrong and injury alleged in the declaration. The second plea was one of contributory negligence in that it averred that the defendant negligently put himself in the way of the defendant's automobile while trying to avoid another machine approaching from an opposite direction.

Our examination of the evidence convinces us that it failed to support that plea. There was ample evidence to show that when the plaintiff was struck he was on the street car track, which is laid in the center of Central Avenue. If, while in the so-called safety zone for pedestrians he stepped back upon the street car track against the approaching automobile of the defendant the latter's machine was in a position where it could not be said that the plaintiff was negligent in not observing it.

It is a well established rule that the driver of a vehicle at a road crossing is bound to notice pedestrians who are exercising the right of crossing the highway and should take reasonable care not to injure them. See Birkett v. Knickerbocker Ice Co., 110 N. Y. 504, 18 N. E. R. 108; Anderson v. Wood, 264 Pa. 98, 107 Atl. R. 658.

In Wadley v. Schwartz Brothers Express Company, 211 Ill. App. 44, it was held that a pedestrian crossing diagonally at a highway intersection who was injured by a team driven on the wrong side of the road at a lively rate may recover damages from the driver of the team for the injury sustained. The degree of care required of the driver of vehicles at a street crossing is greater than required of those operating a railroad train at a crossing as vehicles at a road crossing are driven at less speed than trains are driven and are more under the immediate control of the driver. See Goldblatt v. Brocklebank, 166 Ill. App. 315, text 318; Evans v. Adams Express Company, 122 Ind. 362, 23 N. E. R. 1039, 7 L. R. A. 678; Eaton v. Cripps & Bros., 94 Iowa 176, 62 N. W. R. 687; Purtell v. Jordan, 156 Mass. 573, 31 N. E. R. 652.

This rule applies with particular appropriateness to cities where the use of streets and street crossings by vehicles and pedestrians is so great. And evidence that the act causing the injury was in violation of a street ordinance is admissible to show negligence as well as bearing upon the contributory negligence of the plaintiff. See Sandifer v. Lynn, 52 Mo. App. 553; U. S. Brewing Co. v. Stoltenberg, 211 Ill. 531, 71 N. E. R. 1081; Healy v. Johnson, 127 Iowa 221, 103 N. W. R. 92.

In some jurisdictions it is held that the violation of a street ordinance by a person driving a vehicle makes out a prima facie case of negligence where injury results to another from such act. See Robinson v. Simpson, 8 Houst. (Del.) 398, 32 Atl. R. 287.

In the case of Mooney v. Kinder, 271 Pa. St. 485, 115 Atl. R. 826, a pedestrian was injured while crossing a street by a truck driven by the owner. Mr. Justice Schaffer in speaking for the court said: "There is a higher degree of care due by the drivers of motor vehicles at all

street crossings than at other points in the highway, but at such crossings as this, because of the perils to pedestrians using them, under modern traffic conditions, the duty of care which is cast upon the driver of such a vehicle as that which defendant was driving is of the highest degree.'' See also Huddy on Automobiles, 8 ed., Sec. 341; Berry on Automobiles, Sec. 218, 6 ed.

There is no need to discuss the evidence. In our view of the case, as made by the pleadings and the evidence, the jury was fully justified in concluding that the plaintiff was injured at the place alleged by the negligence of the defendant in the operation of the automobile which caused the injury; that the damages sustained were proven and the amount allowed not excessive.

There is much conflict of evidence as to whether the plaintiff was struck by the automobile approaching from the east or the one driven by the defendant; also as to whether the plaintiff in attempting to avoid the automobile approaching from the east stepped back and against the approaching machine of the defendant. It was the jury's province to determine these conflicts in the testimony and as there was ample evidence to support the finding that the plaintiff was injured by the careless driving of the defendant's automobile this Court, following the long established rule in such cases, will not disturb that finding. It does not appear that the jury, as reasonable men, could not have rendered the verdict they did. See Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 So. R. 367; Consolidated Naval Stores Co. v. McNeill, 60 Fla. 38, 53 So. R. 843; George E. Wood Lumber Co. v. Gisson, 63 Fla. 316, 58 So. R. 364; Tampa & J. R. Co. v. Crawford, 67 Fla. 77, 64 So. R. 437; Greer v. Illgen, 79 Fla. 383, 84 So. R. 156; Alexander v. Rhine, 78 Fla. 313, 82 So. R. 831.

The facts in the case of Rubio v. Armour & Co., 94 Fla.

761, 116 So. R. 40, are not analogous to those in the case at bar. In the Rubio case the driver of the automobile could not see the plaintiff who was alighting from a street car in a crowded thoroughfare "crossed around in front of the street car, at which point he was struck by the automobile of the defendant" who could not see the plaintiff in time to prevent the injury. In the case at bar there was no obstruction to the defendant's view of the plaintiff. The plaintiff was in full view of the defendant for the distance of the width of Third street, the plaintiff was in the traffic safety zone for pedestrians and when he stepped back upon the street car line had no reason to suppose that an automobile approaching from the west side of the street was near.

The defendant offered the testimony of two witnesses, Donaldson and Lambert, as to statements made to them by two or three bystanders who said that the automobile approaching from the east, which was a type of machine known as a sedan, and not the defendant's automobile, a "touring car," struck the plaintiff. Upon objection this testimony was not allowed. That ruling was assigned as errors numbered seven and eight. It is contended in behalf of the plaintiff in error that the court's ruling was erroneous because the remarks made by the bystanders constituted part of the *res gestae* and were admissible.

That proposition is not sound under the circumstances. Donaldson, one of the witnesses, was at a cigar store near the corner where the accident occurred "when I (he) saw the crowd gather." He "went down to see what the trouble was." Obviously he did not see the accident. He was attracted by the crowd gathering. What he did see when he arrived was the "sedan" moving away and "was told" that the injured man was in it.

It appears that when Donaldson arrived he inquired as

to the cause of the assembled crowd as that was the fact which drew his attention and some one or more persons told him "that sedan going there is the one that hit" the plaintiff.

The other witness, Lambert, did not see the accident. He "heard a noise, a sort of a crash," looked up, saw a "dark sedan in the center of the trucks going up Central Avenue" and he saw the man, evidently the plaintiff, "near the Avenue on the opposite side from me" (the witness). After the sedan went up the street he saw "this man lying in the street and another car, a dark open touring car, just coming along at that time." This witness said: "After he (the plaintiff) fell I was looking at the man. Then I looked up and I saw that it had stopped and then backed down." He was probably talking about the "Sedan". The witness did not walk immediately to the scene of the accident from where he was standing, thirty-five or forty feet away, not until the plaintiff was picked up and carried away.

Counsel then propounded to the witness the following question: "When was it that you heard the exclamations from the bystanders as to who did it?" The witness answered: "Just after they had carried him away." That testimony was excluded.

It is apparent that whatever statements these witnesses heard from the bystanders were made several minutes after the accident, were in the nature of narrations of a past event, not in any sense constituting spontaneous exclamations as a part of the transaction made while doing the act nor under its influence, nor by parties connected with it. Lambright v. State, 34 Fla. 564, 16 So. R. 582; Atlantic Coast Line R. Co. v. Shouse, 83 Fla. 156, 91 So. R. 90; 11 Ency. of Ev. 309.

The case is not analogous to those cases in which the rule has been extended apparently to those instances in which a party to the transaction, usually the injured person, makes a statement of a fact throwing light upon the occurance although narrative in form but sufficiently near in point of time to be considered as part of the transaction. See International & Great Northern Ry. Co. v. Anderson, 82 Texas 516, 17 S. W. R. 1039, 27 Am. St. R. 902; Murray v. Boston & Maine Ry., 72 N. H. 32, 54 Atl. R. 289, 61 L. R. A. 495.

In this case the transaction was wholly past and completed. They depend for their truth wholly upon the accuracy and reliability of the person making the statements and the veracity of the witnesses testifying to them. See Waldele v. N. Y. C. & H. R. R. R. Co., 95 N. Y. 274, 47 Am. R. 41.

The tenth, eleventh, twelfth, thirteenth and fourteenth assignments of error rest upon instructions given by the court at the plaintiff's request. All these instructions except the last were abstract propositions of law upon the subject of negligence, the duty of one driving an automobile as to his relation to pedestrians, and the degree of prudence required of one for his safety who finds himself in a dangerous situation. The last instruction was merely a general one in which the propositions discussed in the preceding instructions were applied.

As stated elsewhere in this opinion, we do not agree with counsel that there was no evidence of the defendant's negligence to which such instructions could apply. There was no error, therefore, in these assignments.

The fifteenth assignment of error attacks the amended declaration. It is contended that the demurrer interposed to the declaration should have been sustained. The grounds of the demurrer were that the declaration stated no cause

of action, that it failed to allege any violation of duty on the defendant's part toward the plaintiff; that no ordinance of the city was pleaded showing the establishment of a safety zone at the street crossing where the accident occurred and is uncertain and insufficient in its allegations of negligence charged against the defendant.

The declaration was not amenable to the objection pointed out by the demurrer. The case made by the declaration was that the plaintiff was crossing Central Avenue, a public highway in the City of St. Petersburg, within the safety zone as indicated on the avenue by two white lines painted on the brick pavement; that such safety zone was created by the municipal authorities of the city; that in crossing the street he used all care and precaution as a pedestrian; that the defendant driving his automobile in an eastward direction along the avenue in a negligent and careless manner ran into and upon the plaintiff and caused the injury of which he complained. The relation of the parties is shown by the declaration as travelers on a city street, the defendant driving an automobile and the plaintiff a pedestrian. Each was required to use due care; one to avoid injury to himself, the other to avoid injury to others. The declaration alleges that in those circumstances the defendant drove the automobile in a negligent and careless manner upon the plaintiff.

It is difficult, if not impossible, to state the case more clearly than it is stated by the declaration. It was not a question of speed, nor of violating a city ordinance necessarily, yet the negligence may have consisted of all that and inattention and recklessness besides. The mere allegation that the defendant in the circumstances set forth drove the car upon the plaintiff carelessly and negligently sufficiently stated a case. See Co-operative Sanitary Baking Company v. Shields, 71 Fla. 110, 70 So. R. 934; Ingra-

ham-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 So. R. 552, Ann. Cas. 1918A 971; Duval v. Hunt, 34 Fla. 85; 15 So. R. 876; Aultman v. Atlantic Coast Line R. Co., 71 Fla. 276, 71 So. R. 283; Frazee v. Gillespie, decided at present term, October, 1929.

The denial of the motion for a new trial is made the basis of the sixteenth assignment of error. Under the assignment counsel argue that there was a lack of evidence to show negligence of the defendant; that such deficiency in the plaintiff's case was so manifest that the verdict of the jury could not be accounted for except upon the theory that they misapplied the law and ignored the evidence.

There was some conflict in the evidence as to whether the plaintiff was struck by the defendant's automobile, but that point was settled by the jury and there was ample evidence to support the finding. So a case is here presented where the plaintiff in the day time crossing a thoroughfare in a city, traveling northward on the west side of the street within the so-called safety zone marked out by the city authorities for pedestrians in the center of the avenue, and in full view of the defendant, was struck by the latter's machine which traveled the width of the intersecting street before colliding with the plaintiff. Almost the doctrine of *res ipsa loquitur* applies it seems reasonable that such accidents do not happen except through some fault of the defendant. See Pinney v. Hall, 156 Mass. 225, 30 N. E. R. 1016; Kaples v. Orth, 61 Wis. 531, 21 N. W. R. 633.

No error appearing in the record the judgment is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.

BROWN, J. (Concurring):

Originally, at common law, a judgment *non obstante veredicto* could be entered only when the plea confessed the cause of action and set up matters in avoidance which were insufficient to constitute a defense or bar to the action. 33 C. J. 1178.

As stated in the opinion of Mr. Justice ELLIS, the strict common law rule was that a motion for judgment *non obstante veredicto* could only be interposed by a plaintiff, but this rule appears to have been relaxed in the case of Williams v. Hines, 80 Fla. 690, 86 So. R. 695, where, under the somewhat peculiar facts of that case, this remedy was held available to the defendant. It was also the rule at common law that a judgment *non obstante veredicto* must be based solely upon matters appearing upon the face of the record, and that the evidence could not be looked to in determining a motion for such a judgment. It was not therefore the appropriate remedy where a verdict was against the weight of, or unsupported by, the evidence. 11 Ency. of Pldg. and Prac., 917; 33 C. J. 1183. It is thus apparent that a judgment *non obstante veredicto* at common law was merely one species of a judgment on the pleadings. Accordingly, it was an easy step to relax the rule and hold that a judgment might be rendered on the pleadings for either party entitled to it thereby, irrespective of the verdict, and this is now the rule in many jurisdictions; in fact, it appears to be the prevailing rule. 33 C. J. 1179-1180; 11 Ency. of Pldg. and Prac. 914, 1030. A general treatment of this subject will be found in 33 C. J. 1177-1188, and Crandall's Fla. Common Law Prac., Section 490; and some of our own cases dealing with the

496

appropriateness of this remedy where parties have gone to trial upon pleas of confession and avoidance setting up immaterial issues are: Hyer v. Vaughn, 18 Fla. 647; Jones v. Shomaker, 41 Fla. 232, 26 So. R. 191, and Peoples Nat. Bank v. Magruder, 77 Fla. 235, 81 So. R. 44 D. See also Gregory v. McNealy, 12 Fla. 578, and Edgar v. Bacon, 97 Fla. 679, 122 So. R. 107; Ruff v. G. S. & F. Railway Co., 67 Fla. 224, text 232, 64 So. R. 782, text 785.

WHITFIELD AND STRUM, J. J., concur.